UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL DAY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3118 |
| | ) | |
| JOSHUA MCDANNALD *et al.*, | ) | |
|     Defendants. | ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Jose Canchola, an inmate at Graham Correctional Center. Plaintiff also filed a Motion for Counsel (Doc. 4).

**I.     Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Factual Allegations

Plaintiff alleges constitutional violations at Taylorville Correctional Center ("Taylorville") against the following Defendants: Warden Joshua McDannald, Counselor Cearlock, and Transfer Coordinator Stacey.

On May 27, 2024, Plaintiff submitted his application for consideration to participate in the Kewanee Life Skills Re-Entry Center ("Kewanee") to Defendant Cearlock. Plaintiff claims that Cearlock did not process his application for four or five months. After Plaintiff's application was submitted, Kewanee informed Plaintiff's wife that his application was approved and that Kewanee would coordinate Plaintiff's transfer from Taylorville. Plaintiff claims that Taylorville will not process his transfer. Plaintiff also claims that he is being denied sex offender treatment.

## III. Analysis

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (explaining that plaintiffs "need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of"). In addition to describing the claim, a plaintiff must

also give "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).

Despite naming Defendants McDannald and Stacey, Plaintiff does not allege any facts that establish or permit the inference that either committed a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

To the extent Defendants McDannald and Stacey were personally involved in denying Plaintiff's application, such involvement would not establish a constitutional violation, as an inmate does not have a protected liberty interest in being housed in any particular correctional center within the state prison system. *See Lekas v. Briley*, 405 F.3d 602, 609 (7th Cir. 2005) ("[A] prisoner may be transferred from one state prison to another without implicating the inmate's liberty interest—even where the conditions of the destination prison are "much more disagreeable" than those of the originating prison." (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976))); *see also Kemp v. Liebel*, 877 F.3d 346, 354 (7th Cir. 2017) ("[A]n inmate has no right to remain at a particular facility under the Due Process Clause."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[A prisoner] has no due process right to the correctional facility of his choice."). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Thus, Plaintiff's allegation that Defendant Cearlock took four months to process his application does not state a claim.

Additionally, Plaintiff's claim that he was denied sex offender treatment does not

state a constitutional violation because it does not satisfy the mentioned requirements of Rule 8 by identifying the acts or omissions allegedly committed by specific individuals, describing them in any way, or otherwise providing facts to include a date.

Consequently, the Court dismisses Plaintiff's Complaint for failure to state a claim. Despite the dismissal, if Plaintiff believes he can revise his pleading to state a cause of action, he may file an amended pleading. However, the Court does not accept piecemeal amendments. Plaintiff's amendment cannot refer to his dismissed Complaint and must contain all claims against all defendants. In other words, Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

Plaintiff is advised that any attempt to join unrelated claims and defendants is prohibited. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are permitted, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

### IV.   Motion for Counsel

Plaintiff also moves to recruit counsel (Docs. 4). Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request

counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff appends one letter (Doc. 4 at 3) from a law firm declining to represent him. The Court finds Plaintiff has not demonstrated that he reasonably attempted to obtain counsel, which typically requires writing to several lawyers and attaching the responses received. Accordingly, the Court denies Plaintiff's Motion for Counsel (Doc. 4).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED March 4, 2026.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE