E-FILED
Monday, 27 April, 2026  09:17:11 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| PAUL DAY, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | **Case No. 25-3121** |
| | ) | |
| JOSHUA MCDANNALD *et al.*, | ) | |
|     **Defendants.** | ) | |

<u>**ORDER**</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 9)
filed under 42 U.S.C. § 1983 by Plaintiff Paul Day.

## I.    Background

In May 2025, Plaintiff, an inmate at Taylorville Correctional Center ("Taylorville"),
filed a Complaint (Doc. 1) alleging that Taylorville officials violated his constitutional
rights by initially delaying and then denying his approved transfer to Kewanee Life Skills
Re-Entry Center ("Kewanee"). Plaintiff also asserted that he was denied sex offender
treatment. (Mer. Rev., Doc. 8 at 2.)

The Court dismissed Plaintiff's pleading, noting that Plaintiff did not have a
protected liberty interest in being housed in a particular Illinois Department of
Corrections ("IDOC") facility. Thus, Plaintiff's assertion that Defendant Gearlock delayed
processing his application to Kewanee did not state a claim for relief. The Court also
noted that Plaintiff did not allege facts that demonstrated Defendants McDannald or

Stacey were personally involved in violating Plaintiff's constitutional rights. The Court also dismissed Plaintiff's sex offender treatment claim, noting that he failed to "identify the acts or omissions allegedly committed by specific individuals, describing them in any way, or otherwise providing facts to include a date" as required by Federal Rule of Civil Procedure 8. (*Id*. at 3-4.)

Despite the dismissal of Plaintiff's initial pleading, the Court granted him thirty days to file an amended pleading, which Plaintiff has accomplished (Doc. 9).

## II.    Amended Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

On May 27, 2024, Plaintiff submitted his application to be transferred to Kewanee. Plaintiff explained that he submitted his application because he was not offered any classes or mental health treatment at Taylorville. (Amend. Compl., Doc. 9 at 1.) Plaintiff

asserts that "Taylorville was notified of the approval for transfer and never transferred [Plaintiff] without any justification." (*Id*. at 2.) Plaintiff also claims that he transferred to Taylorville five years ago as a "volunteer inmate" to participate in sex offender treatment, but no such classes are being offered at this time. (*Id*. at 1.) Plaintiff further asserts that after the Court dismissed his initial pleading, he was "offered" to transfer to Crossroads Adult Transition Center ("ATC") but asserts that Taylorville is denying his transfer. (*Id*. at 2.)

**C. Analysis**

The Court grants Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 9).

In dismissing Plaintiff's initial pleading, the Court provided the following guidance: "Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). (Mer. Rev. Doc. 8 at 4.) Plaintiff has failed to follow the Court's instructions by naming any officials, and his assertion that "Taylorville" denied his transfer does not state a claim for relief. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (A building, such as a jail or correctional facility, cannot be sued under § 1983.); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Furthermore, as to Plaintiff's assertion that his constitutional rights have been violated by not transferring him to Kewanee or ATC, this also fails to state a plausible claim for relief. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[A prisoner] has no due process right to the correctional facility of his choice."). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

In this regard, Plaintiff explains that he seeks transfer to Kewanee because he is not receiving mental health or sex offender treatment at Taylorville. However, Plaintiff is not entitled to transfer to another IDOC facility to receive those medical services. Instead, Plaintiff should provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (explaining that plaintiffs "need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of"). In other words, Plaintiff needs to provide a short statement of the alleged deprivation and identify the prison officials or medical professionals at Taylorville who are denying him the medical services and care he alleges he is not receiving.

Consequently, the Court denies Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 9) for failure to state a claim. Despite the Court's denial, if Plaintiff believes he can revise his pleading to state a cause of action, he may file an amended pleading. However, the Court does not accept piecemeal amendments. Plaintiff's amendment cannot refer to his dismissed Complaint and must contain all claims against all defendants. In other words, Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

Plaintiff is advised that any attempt to join unrelated claims and defendants is prohibited. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are permitted, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

**IT IS THEREFORE ORDERED:**

1) **The Court grants Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 9).**

2) **Plaintiff's Amended Pleading is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED April 27, 2026.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE